<hr />

## CURTIN *v.* CURTIN.

(*City Court of Brooklyn, General Term.* December 22, 1890.)

ASSUMPSIT—EVIDENCE—CROSS-EXAMINATION.

In an action by one brother against another for money paid out for defendant, and for money loaned him by his mother, the claim for which was assigned to plaintiff, it is competent for defendant to cross-examine plaintiff at length relative to the assignment, the capacity of his mother to make it, her condition of health and mind, how the assignment was witnessed and acknowledged, and the conversations between plaintiff and his mother respecting it.

Appeal from judgment on report of referee.

Action by William H. Curtin against Edward J. Curtin, his brother, for money disbursed for defendant and on assigned accounts for goods sold and money loaned him. Judgment for plaintiff. Defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE and VAN WYCK, JJ.

*A. J. Spencer,* for appellant.   *Horace Graves,* for respondent.

OSBORNE, J. Plaintiff brought this action against the defendant, his brother, to recover—*Firstly,* for a balance of moneys alleged to have been loaned and disbursed by him for the defendant; *secondly,* for a balance of moneys alleged to have been loaned by Margaret Curtin, the mother of the parties, to defendant, and alleged to have been assigned by her to plaintiff; and, *thirdly,* for a balance for goods sold by one Birkett to defendant, and alleged to have been assigned by Birkett to plaintiff. Defendant by his answer denied said indebtedness and the alleged assignments thereof by Mrs. Curtin and Birkett to plaintiff. The issues were tried before a referee, who has found for the plaintiff for the full amount of his claim.

We think this judgment should be reversed, for the reason that, by the rulings of the referee, to which exceptions were taken, the defendant was substantially deprived of his right to cross-examine the plaintiff on material points. Defendant sought to show, while cross-examining plaintiff, that Margaret Curtin, the assignor to plaintiff of one of the claims in suit, was so old, feeble, and infirm that she did not understand what was the import or effect of her alleged assignment to plaintiff. The following questions were put to plaintiff, objected to, ruled out, and exception taken: "Has your mother been able to walk any considerable distance in the past two years without assistance?" "Has she been able to come out of the house, to your knowledge, during the last week?" The assignment from Mrs. Curtin having been introduced in evidence, plaintiff was asked: "Did you ask your brother, C. J. Curtin, before you went into the house, to be there that evening for the purpose of witnessing this assignment?" Same question asked as to Jennie Curtin, (the other subscribing witness.)  "Did your mother tell you, at the time of the execution of this assignment, or at any time before that, that the defendant had some account against her, or to that effect?" Plaintiff having testified that he had conversations with his mother prior to the execution of the assignment, he was asked: "Did they relate to anything more?" Plaintiff was also asked if he was present when his mother acknowledged the assignment; whether he was present at the time his brother signed the acknowledgment; and whether he saw his brother write his name to the acknowledgment. All these inquiries were ruled out, and exceptions taken to the rulings. Plaintiff and defendant were co-executors of their father's estate. While plaintiff was testifying to the items of his mother's alleged account, he testified in reference to an item of $10: "I considered it as money loaned to my brother." This question was then put: "It was money advanced by

you as executor,—as much your brother's as yours?" Objected to. Objection sustained. Exception. With reference to an item of $44 cash, loaned November 11, 1885, the plaintiff was asked: "Does your check-book show that you drew any money out of bank November 11, 1885?" Objected to. Objection sustained. Exception. A paper was shown to witness which he testified was in his handwriting. He was asked: "Is this a statement of the money that you acknowledged that you paid out on your father's estate?" "For what purpose did you make out this statement?" "Did you pay your brother on the 4th of January, 1886, the sum of $29.89?" "I call your attention to the item in this statement,—' G. Mohr, driver, $50,'—is that the amount that was paid the driver?" All those questions were ruled out, and exceptions taken to the rulings.

We think we have cited exceptions enough to the rulings of the referee that should be sustained to entitle defendant to a new trial, and the above form only a small portion of the questions that were erroneously excluded. We cannot assume that defendant was not injuriously affected by these rulings. All of the questions cited above were pertinent and material on the cross-examination of the plaintiff, and if permitted to have been answered might have brought out matters material to the defense, or tending to weaken the force of plaintiff's direct testimony. We are accordingly of the opinion that the judgment should be reversed and the order of reference vacated, with costs of this appeal to defendant to abide the event. All concur.